[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on July 12, 1986 and have resided CT Page 13021 continuously in this state for more than twelve months prior to the filing of the complaint in this matter. The marriage has broken down irretrievably. There is one minor child of the marriage, Matthew, born November 19, 1990. Neither the plaintiff nor the defendant is receiving aid from the State of Connecticut.
The causes of the marital breakdown are attributable to both of the parties equally. The husband, thirty-one (31) years of age and in good health, has been the major source of the marital assets, being steadily employed by Xerox as a salesman, with a 1994 income of $74,000. The wife, twenty-eight (28) years of age and in good health, has worked for American Airlines then worked part-time while finishing her schooling. She has a master's degree in education and is certified to teach kindergarten through sixth grade and for seventh through twelfth grade business education. She is not employed at this time but expects to substitute teach at $50 or $60 per day. The minor child has been attending kindergarten since September.
The parties own real property in Danbury at Royal Road. It was purchased in 1989 for $190,000 and subject to a $126,000 mortgage. As part of that purchase, it is claimed by the husband and his father that the father loaned $50,000 to the parties and that it was agreed that this loan would be repaid together with interest at 8 percent. The "loan" was made by a check made payable only to the husband from the father. The wife testified that she was not a party to this "loan." The court finds the claims of the husband and father less than credible concerning any liability of the wife for the repayment of this "loan."
The remaining assets of the parties will be identified as they are distributed between the parties.
The court, in allocating the appropriate distribution of assets and award of alimony, has reviewed the provisions of Connecticut General Statutes § 46b-82 and § 46b-81 and the Connecticut Child Support Guidelines.
The court adopts the stipulation of the parties concerning custody and visitation, dated August 22, 1995, as an order of the court. A copy of the stipulation is appended hereto.
Based on the salary earned by the husband in 1994, and in consideration of his income to August, 1995, the court orders support payments for the minor child by the husband to the wife CT Page 13022 of $215 weekly, as may be modified below.
Child support shall continue until the child graduates from high school but not beyond the age of nineteen (19) years.
Based on the training and potential for employment by the wife, the court orders the husband to pay $280 weekly alimony to the wife for a term of five years, starting one week from the date of this decision together with any addition as provided below. Alimony is to terminate upon wife's death, remarriage or her cohabitation as defined by statute. Should the husband's gross income exceed $85,000 in any year, the support and alimony payments will be increased for the following year as follows: 15 percent of the gross in excess of $85,000 will be paid two-thirds as support and one-third as alimony in fifty-two (52) prorated weekly installments. This computation will be made no later than February 1 of each year and paid retroactively from January 1 of that year. At the expiration of the wife's j alimony, only the 10 percent of gross in excess of $85,000 will be paid as support. The husband will have the child's exemption while alimony is being paid. After alimony ends, the exemption will be taken in alternate years by the husband, the wife having the first year after alimony ends. The husband may seek modification of alimony payments if the wife's annual earned income exceeds $35,000. Alimony will be taxable to the wife and deductible by the husband.
The real property known as Four Royal Road, Danbury, Connecticut, is to be sold as soon as an offer of $185,000 is received, unless a lesser offer is acceptable to both parties. After the mortgage and normal closing costs are paid, the balance will be paid 40 percent to the wife and 60 percent to the husband. This distribution reflects the greater contribution to the house by the husband. Until such time as the house is sold or the wife vacates the house, all carrying charges for the house will be paid 40 percent by the wife and 60 percent by the husband. All carrying charges will be paid by the husband after the wife vacates, with 40 percent of the mortgage payments, taxes and insurance paid by the husband after vacating by the wife, to be reimbursed to the husband from the wife's net proceeds from the sale of the property. The husband will hold the wife harmless for any claims by his father concerning the previously discussed "loan."
The husband will pay $2,000 to the wife as her share of the CT Page 13023 1993 IRS refund. The 1994 IRS refund will be shared equally after filing a joint return for 1994. The husband's 401 K and IRA plans will be split equally with the wife by agreement of the parties, and the wife's attorney is directed to prepare any Q.D.R.O. needed. The so-called Dean Witter joint accounts will be shared equally by the husband and wife. The wife is to keep her Pepsico and ATT TT stock and her Eagle Federal Savings account.
The husband is to transfer title to the 1991 Nissan motor vehicle to the wife within thirty (30) days hereof. The husband will keep his 1994 Honda and be responsible for all loan payments for same. Each party is to pay all personal debts shown on their financial statements and hold the other party harmless for same.
The husband shall maintain life insurance in the sum of $300,000 and will name the wife as beneficiary of $150,000 as an individual and another $150,000 with wife as trustee for Matthew. When the husband's alimony obligation has terminated, he will designate the wife as trustee for Matthew for the whole $300,000 until Matthew's child support ends.
The husband shall continue to cover Matthew through his employer provided medical and dental insurance plan as long as the child remains eligible as a dependent. The parties shall share equally any unreimbursed medical expense for Matthew. The husband will arrange for any medical insurance for the wife that is available through his employer at the wife's expense.
The husband shall continue to be custodian of savings bonds held for the child's benefit and those bonds shall be used for the college education of the child unless the parties agree in writing to an alternative use.
Each party will be responsible for their own attorney's fee.
The possession of the dog "Maggie" is granted to the husband.
The personal property listed on the attached list entitled "Personal Property — Husband" is distributed to the husband. The remaining personal property is distributed to the wife.
Judgment of Dissolution may enter in favor of the plaintiff in accordance with the foregoing.
Stodolink, J. CT Page 13024
PERSONAL PROPERTY — HUSBAND
Thomasville Master bedroom set. (excluding wife's dresser and mirrors)
Family room furniture; Jennifer Convertible queen sized bed couch, chair w/ottoman, loveseat, rocking chair
Television
Complete stereo system
VCR camera and case and accessories
Fireplace set
Small black entertainment center
Kitchen oak table and chairs
Juice maker, blender
Old fashioned radio w/cassette
One living room lamp/one bedroom lamp
Living room rubber tree plant
Oak desk in study with chair and file cabinet
Lawn mower
Tools
Complete patio set